Patrick S. Schoenburg (State Bar No. 162842)
pschoenburg@wshblaw.com
**WOOD, SMITH, HENNING & BERMAN LLP**
7108 North Fresno Street, Suite 250
Fresno, California 93720-2952
Phone: 559-437-2860 ♦ Fax: 559-705-1934

Attorneys for Defendant SWIFT TRANSPORTATION OF ARIZONA, LLC

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| Reginald Vedrine,<br><br>    Plaintiff,<br><br>v.<br><br>Swift Transportation of Arizona, LLC; Marshall Anthony Smith, an individual; and DOES 1 to 20, inclusive,<br><br>    Defendants. | Case No. 1:22-cv-00902-AWI-EPG<br><br>**DEFENDANT SWIFT TRANSPORTATION OF ARIZONA, LLC'S ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL**<br><br>Trial Date:      None Set |

Defendant Swift Transportation of Arizona, LLC., (hereinafter "Defendant"), by and through its counsel of record, for itself alone and in answer to the Complaint of Plaintiff Reginal Vedrine (hereinafter "Plaintiff") admits and denies as follows:

## DENIAL OF ALLEGATIONS NOT ADMITTED

Except as expressly admitted, Defendant denies each and every allegation in Plaintiff's Form Complaint, including any allegations that may be deemed to be contained in any heading or caption of Plaintiff's Form Complaint.

The following admissions and denials are intended to track the numbered paragraphs in Plaintiff's Form Complaint.

/ / /

/ / /

25306496.1:05742-0101

DEFENDANT SWIFT TRANSPORTATION OF ARIZONA, LLC'S ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL

## DENIAL OF PARAGRAPHS IN FORM COMPLAINT

1. Answering paragraph 1 of the Form Complaint, Defendant admits that Plaintiff Reginald Vedrine alleges causes of action against Defendants Swift Transportation of Arizona, LLC., Marshall Anthony Smith and DOES 1 to 20, inclusive.

2. Answering Paragraph 2 of the Form Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph as Plaintiff has failed to insert the requested information into his Form Complaint.

3. Answering paragraph 3 of the Form Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations therein.

4. Answering paragraph 4 of the Form Complaint, Defendant is informed and believes that this paragraph of the Form Complaint does not apply in this action as Plaintiff is not a business entity.

5. Answering paragraph 5 of the Form Complaint, Defendant admits that Swift Transportation of Arizona, LLC is a business organization; and based upon information and belief Marshall Anthony Smith is a natural person.

6. Answering paragraph 6 of the Form Complaint, Defendant lacks knowledge or information regarding the identity or capacity of DOE Defendants sufficient to form a belief as to the truth of the allegations set forth therein, and on that basis denies them.

7. Answering paragraph 7 of the Form Complaint, Defendant is informed and believes that this paragraph of the Form Complaint does not apply in this action as it has not been completed by Plaintiff.

8. Answering paragraph 8 of the Form Complaint, Defendant admits that the venue in the Tulare County Superior Court was proper, and that Defendant has properly removed this action to the instant Federal Court based upon diversity jurisdiction.

9. Answering paragraph 9 of the Form Complaint, Defendant is informed and believes that this paragraph of the Form Complaint does not apply in this action as it has not been completed by Plaintiff.

1   10.   Answering paragraph 10 of the Form Complaint, Defendant denies the allegations included in Plaintiff's causes of action for Motor Vehicle and General Negligence.

11.   Answering paragraph 11 of the Form Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.

12.   Answering paragraph 12 of the Form Complaint, Defendant is informed and believes that this paragraph of the Form Complaint does not apply in this action as it has not been completed by Plaintiff.

13.   Answering paragraph 13 of the Form Complaint, Defendant admits that the relief sought in the Complaint is within the jurisdiction of the Tulare County Superior Court and the Eastern District of California, Fresno Division, to where this action has been properly removed.

14.   Answering paragraph 14 of the Form Complaint, Defendant is informed and believes that Plaintiff is seeking compensatory damages according to proof.

15.   Answering paragraph 15 of the Form Complaint, Defendant is informed and believes that this paragraph of the Form Complaint does not apply in this action as it has not been completed by Plaintiff.

### FIRST CAUSE OF ACTION – GENERAL NEGLIGENCE

16.   Defendant incorporates its responses to paragraphs 1 through 15.

17.   Answering paragraph GN-1 attached to Plaintiff's Form Complaint, Defendant denies that the acts of any Defendant were negligent, denies that the acts of any Defendant were the legal and/or proximate cause of the injuries and/or damages to Plaintiff, and denies that Plaintiff suffered any injuries or damages. Defendant admits that the incident that is the subject of Plaintiff's Form Complaint occurred on February 7, 2020, at State Route 99 S/B Mile North of Avenue 76 in Tulare, CA.

18.   Answering paragraph GN-1 *(description of reasons for liability)* attached to Plaintiff's Form Complaint, to the extent this paragraph contains purported legal

conclusions and/or statements or recitations of law, rather than allegations, no response is necessary. To the extent this paragraph contains factual allegations made against this answering Defendant, Defendant responds as follows: Defendant admits the incident that is the subject of Plaintiff's Form Complaint occurred on February 7, 2020. Defendant denies the vehicle was owned by Defendant Swift Transportation of Arizona, LLC. Defendant admits the vehicle was driven by Defendant Marshall Anthony Smith traveling southbound on the 99 State Route Highway. Defendant lacks knowledge or information sufficient to form a belief reasoning the truth of the balance of the allegations.

## SECOND CAUSE OF ACTION – MOTOR VEHICLE

19. Defendant incorporates its responses to paragraphs 1 through 18.

20. Answering paragraph MV-1 attached to Plaintiff's Form Complaint, Defendant denies that the acts of any Defendant were negligent, denies that the acts of any Defendant were the legal and/or proximate cause of the injuries and/or damages to Plaintiff, and denies that Plaintiff suffered any injuries or damages. Defendant admits that the incident that is the subject to Plaintiff's Form Complaint occurred on February 7, 2020, at State Route 99 S/B Mile North of Avenue 76 in Tulare, CA.

21. Answering paragraph MV-2 attached to Plaintiff's Form Complaint, Defendant admits that Marshall Anthony Smith was the driver of the vehicle. Defendant denies all other allegations contained in this paragraph including, but not limited to any allegations of negligence asserted in this paragraph.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

**(Failure to State Facts Sufficient to Constitute a Cause of Action)**

22. For a first, separate, and affirmative defense to Plaintiff's Form Complaint, and each and every cause of action, this answering Defendant alleges that neither Plaintiff's Form Complaint, nor any cause of action asserted therein, states facts sufficient to constitute a cause of action against any Defendant.

/ / /

## SECOND AFFIRMATIVE DEFENSE

### (Comparative Negligence)

23. For a second, separate, and affirmative defense to Plaintiff's Form Complaint, and each and every cause of action, this answering Defendant alleges that, as to each alleged cause of action, Plaintiff's damages, if any, were and are wholly or partially contributed to or proximately caused by Plaintiff's recklessness and negligence, thus barring or diminishing Plaintiff's recovery according to principles of comparative negligence.  This answering Defendant is informed and believes and alleges that it is not legally responsible in any fashion with respect to damages and injuries claimed in Plaintiff's Form Complaint.  However, if this answering Defendant is subject to any liability to the Plaintiff, it will be due, in whole or in part, to the acts, omissions, activities, carelessness, recklessness, and negligence of others; wherefore, any recovery obtained by Plaintiff against this answering Defendant should be reduced in proportion to the respective negligence and fault and legal responsibility of all other parties, persons and entities, their agents, servants, and employees who contributed to and/or caused any such injury and/or damages, in accordance with the law of comparative negligence; the liability of this answering Defendant, if any, is limited in direct proportion to the percentage of fault actually attributed to this answering Defendant.

## THIRD AFFIRMATIVE DEFENSE

### (Contributory Negligence)

24. For a third, separate, and affirmative defense to Plaintiff's Form Complaint, and each and every cause of action, this answering Defendant is informed and believes and thereon alleges that if Plaintiff suffered or sustained any loss, injury, damage, or detriment, such damages were proximately and substantially caused and contributed to by the negligence of Plaintiff in that he failed to exercise ordinary and reasonable care or caution for his own safety, thereby completely or partially barring Plaintiff's recovery.

/ / /

/ / /

## FOURTH AFFIRMATIVE DEFENSE

### (Negligence of Others)

25. For a fourth, separate, and affirmative defense to Plaintiff's Form Complaint, and each and every cause of action, this answering Defendant alleges that the damages sustained by Plaintiff, if any, were proximately caused by the negligence of others, which negligence bars and/or diminishes Plaintiff's recovery, if any, against this answering Defendant.

## FIFTH AFFIRMATIVE DEFENSE

### (No Duty of Care)

26. For a fifth, separate, and affirmative defense to Plaintiff's Form Complaint, and each and every cause of action, this answering Defendant alleges that it cannot be held liable to Plaintiff for a cause of action based upon negligence, because Defendant did/does not owe Plaintiff a duty of care.

## SIXTH AFFIRMATIVE DEFENSE

### (No Causation)

27. For a sixth, separate, and affirmative defense to Plaintiff's Form Complaint, and each and every cause of action, this answering Defendant alleges that Plaintiff and/or other Defendants in this action and/or other persons or entities who are not parties to the action failed to exercise reasonable care concerning the matters alleged in the Complaint such that the damages, if any, were solely caused by such conduct.

## SEVENTH AFFIRMATIVE DEFENSE

### (Lack of Proximate Cause)

28. For a seventh, separate, and affirmative defense to Plaintiff's Form Complaint and each and every cause of action, this answering Defendant alleges that the injuries and damages of which Plaintiff complains were proximately caused by or contributed to by the acts of other Defendants, persons and/or entities, and such acts were an intervening and superseding cause of the injuries and damages, if any, of which Plaintiff complains, thus barring Plaintiff from any recovery against this answering

Defendant.

## EIGHTH AFFIRMATIVE DEFENSE

### (Intervening and Superseding Actions of Others)

29. For an eighth, separate, and affirmative defense to Plaintiff's Form Complaint and each and every cause of action, this answering Defendant alleges that the injuries and damages sustained by Plaintiff, if any, were proximately caused by the intervening and superseding actions of others, which intervening and superseding actions bar and/or diminish Plaintiff's recovery, if any, against this answering Defendant.

## NINTH AFFIRMATIVE DEFENSE

### (Estoppel)

30. For a ninth, separate, and affirmative defense to Plaintiff's Form Complaint and each and every cause of action, this answering Defendant alleges that Plaintiff, by his own acts and conduct, is estopped from seeking the relief prayed for in the Complaint.

## TENTH AFFIRMATIVE DEFENSE

### (Assumption of Risk)

31. For a tenth, separate, and affirmative defense to Plaintiff's Form Complaint and each and every cause of action, this answering Defendant alleges that Plaintiff's implied assumption of the risk eliminates this answering Defendant's duty of care, if so required, and completely bars recovery from this answering Defendant.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Acts and/or Omissions of DOES 1 to 20)

32. For an eleventh, separate, and affirmative defense to Plaintiff's Form Complaint and each and every cause of action, this answering Defendant alleges that this answering Defendant is not legally responsible for the acts and/or omissions of those Defendants named by Plaintiff as DOES 1 to 20.

## TWELFTH AFFIRMATIVE DEFENSE

### (Several Liability)

33. For a twelfth, separate, and affirmative defense to Plaintiff's Form

Complaint and each and every cause of action, this answering Defendant alleges that if Plaintiff sustained any damages as alleged in the Complaint, the damage was legally caused and contributed to by persons, entities, or other parties other than this answering Defendant in failing to conduct themselves in a manner ordinarily expected of reasonably prudent persons in the conduct of their affairs and businesses. This answering Defendant shall only be liable for the amount of non-economic damages allocated to it in direct proportion to this answering Defendant's percentage of fault, if any.

### THIRTEENTH AFFIRMATIVE DEFENSE

**(Offset)**

34. For a thirteenth, separate, and affirmative defense to Plaintiff's Form Complaint and each and every cause of action, this answering Defendant alleges that, in the event of and purely for the purposes of alleging this defense, any purported damages allegedly caused by this answering Defendant are subject to an offset either partially or in the full amount of the purported damages.

### FOURTEENTH AFFIRMATIVE DEFENSE

**(Waiver of Rights)**

35. For a fourteenth, separate, and affirmative defense to Plaintiff's Form Complaint and each and every cause of action, this answering Defendant alleges that Plaintiff, by his own act and conduct, has waived any right to seek the relief prayed for in the Complaint.

### FIFTEENTH AFFIRMATIVE DEFENSE

**(Laches)**

36. For a fifteenth, separate, and affirmative defense to Plaintiff's Form Complaint and each and every cause of action, this answering Defendant alleges that Plaintiff's Form Complaint, and every cause of action therein, are barred by the Doctrine of Laches.

/ / /

/ / /

### SIXTEENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

37. For a sixteenth, separate, and affirmative defense to Plaintiff's Form Complaint and each and every cause of action, this answering Defendant alleges that, by virtue of Plaintiff's unlawful, immoral, careless, negligent, and other wrongful conduct, Plaintiff should be barred from recovering against this answering Defendant by the equitable doctrine of unclean hands.

### SEVENTEENTH AFFIRMATIVE DEFENSE

### (Consent)

38. For a seventeenth, separate, and affirmative defense to Plaintiff's Form Complaint and each and every cause of action, this answering Defendant alleges that Plaintiff consented to the actions allegedly taken by this answering Defendant and/or the other Defendants named in this action, thereby barring Plaintiff from recovering damages from this answering Defendant.

### EIGHTEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

39. For an eighteenth, separate, and affirmative defense to Plaintiff's Form Complaint and each and every cause of action, this answering Defendant alleges that Plaintiff failed to exercise reasonable care and diligence to avoid loss and to minimize damages and, therefore, Plaintiff may not recover for losses which could have been prevented by reasonable efforts on his own part, or by expenditures that might reasonably have been made. Therefore, Plaintiff's recovery, if any, should be reduced by the failure of Plaintiff to mitigate his damages.

### NINETEENTH AFFIRMATIVE DEFENSE

### (Uncertainty)

40. For a nineteenth, separate, and affirmative defense to Plaintiff's Form Complaint and each and every cause of action, this answering Defendant alleges that Plaintiff's Form Complaint is uncertain, vague, and ambiguous.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

41. For a twentieth, separate, and affirmative defense to Plaintiff's Form Complaint and each and every cause of action, this answering Defendant alleges that Plaintiff's Form Complaint is barred in whole or in part by the applicable statute of limitations.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Reduction of Damages)

42. For a twenty-first, separate, and affirmative defense to Plaintiff's Form Complaint and each and every cause of action, this answering Defendant alleges that Plaintiff is entirely or, alternatively, partially barred from recovery in this action to the extent that he has received any consideration from this answering Defendant or from anyone else in satisfaction of any purported claim against this answering Defendant.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Reservation of Rights to Allege Further Affirmative Defenses)

43. This answering Defendant reserves its rights to allege additional affirmative defenses as they may become known through the course of discovery.

## PRAYER FOR RELIEF

**WHEREFORE**, Defendant Swift Transportation of Arizona, LLC., prays for judgment as follows:

1. That Plaintiff take nothing by way of the Complaint;
2. That judgment be rendered in favor of Defendant;
3. For costs of suit incurred in defense of this action; and
4. For such other and further relief as this Court may deem just and proper.

///
///
///
///

## DEMAND FOR JURY TRIAL

Pursuant to F.R.C.P. 38, Defendant hereby demands a trial by jury on all issues so triable.

DATED: July 26, 2022                    WOOD, SMITH, HENNING & BERMAN LLP

By: */s/ Patrick S. Schoenburg*
PATRICK S. SCHOENBURG
Attorneys for Defendant Swift Transportation of Arizona, LLC

# PROOF OF SERVICE

**Reginald Verdine v. Swift Transportation of Arizona, LLC, et al.**
**Case No. 1:22-cv-00902-AWI-EPG**

I am employed in the County of Fresno, State of California. I am over the age of eighteen years and not a party to the within action. My business address is 7108 North Fresno Street, Suite 250, Fresno, CA 93720-2952.

On July 26, 2022, I served the following document(s) described as **DEFENDANT SWIFT TRANSPORTATION OF ARIZONA, LLC'S ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY MAIL:** I placed true copies of the foregoing document(s) enclosed in sealed envelopes addressed as shown on the Service List. I am "readily familiar" with Wood, Smith, Henning & Berman's practice for collecting and processing correspondence for mailing with the United States Postal Service. Under that practice, it would be deposited with the United States Postal Service that same day in the ordinary course of business. Such envelope(s) were placed for collection and mailing with postage thereon fully prepaid at Fresno, California, on that same day following ordinary business practices.

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent from e-mail address cwalker@wshblaw.com to the persons at the electronic notification address listed in the service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was not successful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on July 26, 2022, at Fresno, California.

*/s/ Cathy Walker*
Cathy Walker

25306496.1:05742-0101

-1-

DEFENDANT SWIFT TRANSPORTATION OF ARIZONA, LLC'S ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL

**SERVICE LIST**
**Reginald Verdine v. Swift Transportation of Arizona, LLC, et al.**
**Case No. 1:22-cv-00902-AWI-EPG**

Simran Kaleka, Esq.
THE LAW OFFICES OF SIMRAN KALEKA, APC
8788 Shoreham Drive
Suite 10
West Hollywood, CA 90069
Tel: (310) 850-1765
Email: simrankaleka1@gmail.com
**Attorneys for Plaintiff, Reginald Verdine**