SIMRAN KALEKA, ESQ.  [SBN 318841]
sk@bhattorneys.com
**Law Offices of Simran Kaleka, APC**
8788 Shoreham Drive, Suite 10
West Hollywood, California 90069
Telephone: (310) 850-1765
Facsimile:  (559) 449-1340

Attorneys for Plaintiff, REGINALD VEDRINE

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| Reginald Vedrine, an Individual;<br><br>Plaintiff,<br><br>vs.<br><br>Swift Transportation of Arizona, LLC; Marshall Anthony Smith, an individual; and DOES 1 to 20, inclusive,<br><br>Defendant. | **Case No**.: 1:22-cv-00902-AWI-EPG<br><br>**PLAINTIFF REGINALD VEDRINE'S INITIAL DISCLOSURE PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE, RULE 26(a)(1)**<br><br>Trial Date: None set |

**PLAINTIFF REGINALD VEDRINE'S INITIAL DISCLOSURE PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE, RULE 26(a)(1)**

In accordance with Rule 26(a)(1) of the Federal Rules of Civil Procedure, Plaintiff Reginald Vedrine ("Plaintiff") submits the following initial disclosures:

**i. WITNESSES: The name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment:**

**RESPONSE:**

Plaintiff's initial disclosure is made without benefit of any discovery. The list of witnesses and the subjects upon which they may have discoverable information is subject to change based upon further discovery in this matter. Plaintiff reserves his right to amend or supplement this disclosure.

1. <u>Reginald Vedrine</u>; He can be contacted through his counsel at The Law Offices of Simran Kaleka, 8788 Shoreham Drive., Suite 10, West Hollywood, CA 90069, (310) 850-1765; This witness may have discoverable information that Plaintiff may use to support his claim or defense on subjects such as the injuries that Plaintiff sustained in the February 7, 2020 incident"), the effects these injuries have had on Plaintiff, the past and future medical expenses of Plaintiff, the past and future medical treatment of Plaintiff, Plaintiff's past and future lost wages, the past and future pain and suffering and emotional distress of Plaintiff, information related to Plaintiff's claim for general damages, statements made at the scene of the incident, and Defendants' negligence and causation of the incident.

///

2. <u>Healthcare providers and custodians of records as to these healthcare providers:</u> These witnesses may have discoverable information that Plaintiff may use to support his claim or defense on subjects such as Plaintiff's injuries sustained in the collision, the effects these injuries have had on Plaintiff, the past and future medical expenses of Plaintiff, the past and future medical treatment of Plaintiff, the past and future pain and suffering and emotional distress of Plaintiff, and Defendant's negligence and causation of the collision.

   a. <u>LifeStar Ambulance,</u> 234 North "M" Street, Tulare, CA 93274, (559)688-2550;
   b. <u>Delano Regional Medical Center and ER,</u> 1401 Garces Hwy, Delano, CA 93215, (661)721-5252;
   c. <u>Selma Rural Health Clinic,</u> 2057 High Street, Selma, CA 93662, (559)891-9100;
   d. <u>Concentra and ISYS,</u> 7265 N. First Street, Suite 105, Fresno, CA 93720, (559)431-8181;
   e. <u>Sierra Medical Imaging,</u> 231 W/ Fir Ave, Clovis, CA 93611, (559)322-4271;
   f. <u>Tower Wellness and Chiropractic Center.,</u> 1405 E. Olive. Ave. Fresno, CA 93728, (559)459-0224;
   g. <u>MRI Imaging Center of Fresno, Inc.,</u> 108 W. Shaw Avenue, Fresno, CA 93704, (559)226-2888;
   h. <u>Comprehensive Spine & Sport Center,</u> 7111 N. Fresno Street, Suite 100, Fresno, CA 93720, (559)878-5077;

///

**ii.   DOCUMENTS AND THINGS: A copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.**

**RESPONSE:**

Plaintiff's initial disclosure is made without benefit of any discovery. Plaintiff produces documents as Exhibit A attached hereto. Plaintiff hereby identifies all non-privileged documents currently in her possession, custody or control that may be used to support his claims or defense. Plaintiff reserves the right to amend his disclosures to add additional documents should they become known and available to Plaintiff.

1. Photographs taken by Plaintiff of the location involved in the subject incident;
2. Traffic Collision Report;
3. Medical records, bills, films, reports, x-rays, MRIs, and CT scans from the following medical providers:
    a. <u>LifeStar Ambulance,</u> 234 North "M" Street, Tulare, CA 93274, (559)688-2550;
    b. <u>Delano Regional Medical Center and ER,</u> 1401 Garces Hwy, Delano, CA 93215, (661)721-5252;
    c. <u>Selma Rural Health Clinic,</u> 2057 High Street, Selma, CA 93662, (559)891-9100;
    d. <u>Concentra and ISYS,</u> 7265 N. First Street, Suite 105, Fresno, CA 93720, (559)431-8181;
    e. <u>Sierra Medical Imaging,</u> 231 W/ Fir Ave, Clovis, CA 93611, (559)322-4271;

    f. <u>Tower Wellness and Chiropractic Center.</u>, 1405 E. Olive. Ave. Fresno, CA 93728, (559)459-0224;

    g. <u>Comprehensive Spine & Sport Center,</u> 7111 N. Fresno Street, Suite 100, Fresno, CA 93720, (559)878-5077;

**iii. DAMAGES COMPUTATION AND SUPPORTING DOCUMENTS:  A computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.**

**RESPONSE:**

Plaintiff's initial disclosure is made without benefit of any discovery. Plaintiff hereby provides a computation of each category of damages based on the information known to date.

  1. Past and future sums incurred for services to hospitals, physicians, surgeons, nurses and other professional services, ambulance service, x-rays and other medical supplies and services;

Plaintiff suffered severe personal injury from this incident and received extensive medical treatment and is still treating at this time. Plaintiff has produced all non-privileged medical records, reports, and bills in his possession custody and control.  Plaintiff's total past medical expenses known to date is $47,672.42.  Plaintiff expects that he will continue to incur medical expenses in the future and require future medical care in an amount to be determined by expert testimony.

**PLAINTIFF REGINALD VEDRINE'S INITIAL DISCLOSURE PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE, RULE 26(a)(1)**

2. For lost earnings and lost earnings capacity;
   a. At the time of the collision Plaintiff was employed full time at Xerox Corporation and also worked part-time as a driver for Uber on weekends. Plaintiff worked 40 hours a week, at approximately $16.50 per hour for Xerox Corporation. As an Uber Driver, Plaintiff worked 12 hours a weekend earning approximately $150 a weekend. As a result of this collision up to the date of the service of this disclosure, Plaintiff has lost $20,760.00 in lost wages ($16.50/hour for 40 hours per week X 26 weeks in a year / 6 months in a year) and ($150 a weekend for 6 months). Plaintiff's earning capacity is diminished as a result of his remaining injuries and future lost earnings are expected and the amount will be determined by expert testimony.
3. For interest provided by law including, but not limited to, California Civil Code § 3291;
   a. Plaintiff intends to collect all damages as authorized by California Civil Code § 3291.
4. General damages;
   a. Based on the extent and seriousness of Plaintiff's injuries, which can be seen in his medical records, Plaintiff claims $2 million in general damages for his emotional distress and pain and suffering.
5. Costs of suit, attorneys' fees, and, for such other and further relief as allowed by law and the court deems proper.

   **iv. INSURANCE: For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be**

**liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

   **RESPONSE:**

   Plaintiff's initial disclosure is made without benefit of any discovery. Plaintiff reserves the right to amend his disclosures to add additional information.

DATED: October 3, 2022          **Law Offices Of Simran Kaleka, APC**

                         By: _____

                             SIMRAN KALEKA, ESQ.
                             Attorney for Plaintiff

**PLAINTIFF REGINALD VEDRINE'S INITIAL DISCLOSURE PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE, RULE 26(a)(1)**

**PROOF OF SERVICE**
*Reginald Vedrine v. Swift Transportation of Arizona, LLC, et al*
*USDC Eastern District Case No. 1:22-cv-00902-AWI-EPG*

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 8788 Shoreham Drive, Suite 10, West Hollywood, California 90069.

On **October 3, 2022**, I served the foregoing document described as: **PLAINTIFF REGINALD VEDRINE'S INITIAL DISCLOSURE PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE, RULE 26(a)(1)** on the interested parties in this action as set forth on the attached service list in the following manner:

☐ **BY MAIL:** I am familiar with this firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Beverly Hills, California in the ordinary course of business.  I am aware that on motion of the party, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☑ **BY ELECTRONIC TRANSMISSION.** I caused a true copy of the foregoing document(s) to be transmitted by email to each of the parties designated herein and as last given by that person on any document which he or she has filed in this action and served upon this office During the Coronavirus (Covid-19) pandemic, this office will be working remotely, not able to send physical mail as usual, and is therefore using only electronic mail. No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time' after the transmission.

☐ **BY OVERNIGHT DELIVERY:** By depositing copies of the above document(s) in a box or other facility regularly maintained by FEDEX, in an envelope or package designed by FEDEX with delivery fees paid or provided for and sent to the person(s) named above [C.C.P. §1013, 2015.5].

Dated:  October 3, 2022      *Richard Gonzalez*
                             Richard Gonzalez
                             Law Offices of Simran Kaleka

**PLAINTIFF REGINALD VEDRINE'S INITIAL DISCLOSURE PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE, RULE 26(a)(1)**

**PROOF OF SERVICE MAILING LIST**

*Reginald Vedrine v. Swift Transportation of Arizona, LLC, et al*.

| | |
|---|---|
| MEGAN B. MAVIS, State Bar No. 328041<br>mmavis@sullivanattorneys.com<br>MICHAEL SULLIVAN AND ASSOCIATES<br>P.O. Box 85059<br>San Diego, California 92186<br>Telephone: (714) 202-3440<br>Fax: (844) 910-1850 | Attorneys for Lien Claimant,<br>XEROX CORPORATION |
| Patrick S. Schoenburg, State Bar No. 162842<br>pschoenburg@wshblaw.com<br>Wood, Smith, Henning & Berman LLP<br>7108 North Fresno Street, Suite 250<br>Fresno, CA 93720<br>Phone: 559-437-2860   Fax: 559-705-1934 | Attorney for Defendant,<br>Swift Transportation of Arizona, LLC |
| | |